1  MARC A. PILOTIN
   Regional Solicitor
2  LAURA BREMER (Ca. Bar No. 162900)
3  Counsel for ERISA
   HAILEY MCALLISTER (Wash. Bar No. 49975)
4  Senior Trial Attorney
   UNITED STATES DEPARTMENT OF LABOR
5  90 7th Street, Suite 3-700
6  San Francisco, CA 94103-1516
   Telephone: (415) 625-2702
7  Fax: (415) 625-7772
8  Email:  McAllister.Hailey@dol.gov
   *Attorneys for Plaintiff Acting Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>   Plaintiff,<br>  v.<br><br>Han R. Christy, an individual; Han Robert Christy D.D.S., P.C., an Arizona corporation; and Han Robert Christy, D.D.S., P.C. Profit Sharing Plan,<br><br>   Defendants. | Case No. [Case Number]<br><br>**COMPLAINT FOR VIOLATIONS OF ERISA** |

1.     Julie A. Su, the Acting Secretary of Labor for the United States Department of Labor ("the Department") brings this action requesting that the Court remove Han R. Christy ("Dr. Christy") and Han Robert Christy D.D.S., P.C. ("Christy P.C.") as fiduciaries to the Han Robert Christy, D.D.S., P.C. Profit Sharing Plan ("Retirement Plan") and appoint an independent fiduciary to administer the Retirement Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of ERISA pursuant to Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5).

2.     As explained further below, Dr. Christy, who was the President, CEO, and owner of Christy P.C. and the Retirement Plan's sole Trustee, and Christy P.C., the Retirement Plan Sponsor and Administrator, abandoned the Retirement Plan and their duties as fiduciary without distributing the Retirement Plan assets to the Retirement Plan participants, leaving retirement funds for at least twenty participants of approximately $1,889,862.26 in assets (as of September 6, 2024) locked in the Retirement Plan account. Christy P.C. was incorporated in the State of Arizona on March 3, 1986 and is listed as active on the Arizona Secretary of State's website.  However, as of March 9, 2023, the office at the address listed on the Arizona Secretary of State's website was vacant. No one has administered the Retirement Plan since at least December 7, 2021, when the third-party service provider who had provided administration services to the Retirement Plan resigned.  Christy P.C. and Dr. Christy have not taken action to administer the Retirement Plan in response to the Department's requests. As a result, the Retirement Plan has no fiduciary to authorize Charles Schwab & Co., Inc. ("Schwab"), who controls the Retirement Plan assets, to terminate the Retirement Plan or distribute the Retirement Plan assets to its participants.

COMPLAINT FOR VIOLATIONS OF ERISA
Case No.                                                                                                                    Page 1

**Jurisdiction, Parties, and Venue**

3. The Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and under 28 U.S.C. § 1331.

4. The Retirement Plan is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).[1]

5. At all relevant times, Christy P.C. was and is the Retirement Plan Sponsor, Retirement Plan Administrator, and a fiduciary of the Retirement Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); *see also*, 29 C.F.R. § 2509.75-8, D-3. Christy P.C. was and is a party-in-interest to the Retirement Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C). Christy P.C. was incorporated in the State of Arizona on March 3, 1986, is located in Maricopa County, Arizona, and is listed as active on the Arizona Secretary of State's website.

6. At all relevant times, Dr. Christy was the owner, President and CEO of Christy P.C., and the sole Trustee of the Retirement Plan. He was and is a discretionary fiduciary of the Retirement Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); *see also*, 29 C.F.R. § 2509.75-8, D-3. He was and is a party-in-interest to the Retirement Plan within the meaning of ERISA §§ 3(14)(A), (C), and (H), 29 U.S.C. §§ 1002(14)(A), (C), and (H).

7. Pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the District of Arizona because the Retirement Plan was administered in Maricopa County, Arizona; Defendant Christy P.C. is headquartered in Maricopa County, Arizona; Dr. Christy resides in Maricopa

---

[1] The Plan is named as a defendant under Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

County, Arizona; and the breaches took place in or around Maricopa County, Arizona.

## Factual Allegations

8. Pursuant to Section 10.b of the Retirement Plan's "Adoption Agreement" and "Summary Plan Description," Christy P.C. was the Retirement Plan's sole Administrator and retained discretionary power and authority in the administration of the Retirement Plan. The Summary Plan Document states that the Retirement Plan "Administrator has the complete power, in its sole discretion, to determine all questions arising in connection with the administration, interpretation, and application of the Plan." The Summary Plan Description explained that the Retirement Plan "Administrator is responsible for the day-to-day administration and operation of the Plan." As examples, the Retirement Plan Administrator provides participants with the forms they need to complete, and "directs the payment" to participants' "account[s] at the appropriate time." Christy P.C. was therefore a fiduciary of the Retirement Plan and a party in interest to the Retirement Plan.

9. The Retirement Plan's Adoption Agreement and Summary Plan Description both list Dr. Christy as the sole Trustee of the Retirement Plan. Pursuant to Section 10.c of the Retirement Plan's "Adoption Agreement," an individual Trustee, such as Dr. Christy, "will serve as a Discretionary Trustee (Plan Section 1.22) over all Plan assets." The Summary Plan Description explained, "The Trustee is responsible for the safekeeping of the Trust Fund and must hold and invest Plan assets in a prudent manner and in the best interest of [participants and] beneficiaries. The Trust Fund is the funding medium used for the accumulation of assets from which benefits will be distributed." As President, CEO, and owner of Christy P.C., Dr. Christy controls Christy P.C. At all relevant times, Dr. Christy had discretionary authority and control respecting the

1 management of the Retirement Plan, control over the disposition of the Retirement Plan's assets, and discretionary authority and responsibility over the administration of the Retirement Plan. Dr. Christy is therefore a fiduciary of the Retirement Plan and a party in interest to the Retirement Plan.

10. According to the governing Retirement Plan documents, including the Summary Plan Description and the Adoption Agreement, Retirement Plan participants could obtain distributions of benefits after employment termination, retirement, death, or disability. Christy P.C. and Dr. Christy had the duty to determine and pay benefits under the Retirement Plan without participants needing to file claims; they also had a duty to respond to any claims made.

11. The Retirement Plan permits the Retirement Plan Administrator to "designate other parties to perform some duties of the Administrator." (Summary Plan Document, p.12.) Following an injury to Dr. Christy, Childers & Coventry LLC served as a conservator to Dr. Christy from approximately September 25, 2019 through September 2023. In February 2020, Childers & Coventry LLC, signing on behalf of the Trustee of the Retirement Plan, entered into a service agreement with a third party administrator ("TPA"), Ascensus, to provide administration services to the Retirement Plan, including processing participant distribution requests. Ascensus resigned as the TPA on December 7, 2021. No subsequent TPA has been appointed, nor have Dr. Christy or Christy P.C. taken actions to ensure that Retirement Plan participants receive their promised benefits.

12. Charles Schwab is the custodian of the Retirement Plan's assets. Charles Schwab will only accept direction for distribution of the Retirement Plan assets from the named Retirement Plan Trustee Dr. Christy, or a properly appointed successor fiduciary.

13. After the resignation of Ascensus, Retirement Plan participants and beneficiaries have been unable to obtain distributions, and Dr. Christy and Christy P.C. have failed to respond to Retirement Plan participant inquiries.

14. The Department repeatedly contacted Dr. Christy by email and telephone, requesting that he take action to ensure Retirement Plan participants received their benefit distributions. In November and December 2023, Dr. Christy responded, stated he would contact Charles Schwab, and suggested he would cooperate. However, he has not responded to multiple attempts by the Department to contact him during the Spring and Summer of 2024. Dr. Christy and Christy P.C. failed to sign the documents the Department sent, which would have authorized Charles Schwab to make distributions to Retirement Plan participants, or to take other actions to administer and manager the Retirement Plan and safeguard its assets. Dr. Christy and Christy P.C. have effectively abandoned the Retirement Plan.

15. As of May 31, 2023, the Retirement Plan had at least twenty participants. Retirement Plan account statements indicate the Retirement Plan had a total of $1,889,862.26 in assets as of September 6, 2024.

## Violations of ERISA

16. Paragraphs 1 through 15 above are realleged and incorporated herein by reference.

17. Dr. Christy and Christy P.C. breached their duty of loyalty in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) by failing to act solely in the interest of the participants and beneficiaries of the Retirement Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries, when they failed to administer or manage the Retirement Plan or take actions necessary for Retirement Plan participants to receive their benefits.

18. Dr. Christy and Christy P.C. breached their duty of prudence in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) by failing to act with the care and diligence a prudent person would use in administering and

managing the Retirement Plan, including to ensure that Retirement Plan participants and beneficiaries received their benefit distributions.

19. Dr. Christy and Christy P.C. violated ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) by failing to act in accordance with the documents and instruments governing the Retirement Plan, including provisions requiring them to distribute benefits to Retirement Plan participants and respond to participant inquiries.

20. As a direct and proximate result of the breaches and violations set forth above, the Department is entitled to such equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciaries, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**WHEREFORE**, pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

a. Remove Dr. Christy from his position as the Retirement Plan Trustee;

b. Remove Christy P.C. from its position as the Retirement Plan Administrator;

c. Appoint an independent fiduciary with discretionary authority to administer the Retirement Plan to effectuate its termination and the distribution of Retirement Plan assets to the participants and beneficiaries;

d. Requiring Dr. Christy and Christy P.C. to pay for the costs of the appointment and retention of the independent fiduciary;

e. Requiring Dr. Christy and Christy P.C. to cooperate with the independent fiduciary;

f. Ordering an offset of Dr. Christy's individual Retirement Plan account balance against the cost associated with the appointment and retention of the independent fiduciary, as permitted under ERISA section 206(d)(4), 29 U.S.C. § 1056(d)(4);

g. Permanently enjoin Defendants Dr. Christy and Christy P.C. from violating the provisions of Title I of ERISA;

h. Permanently enjoin Dr. Christy from serving as a fiduciary of any ERISA-covered plan;

c. Provide such other relief as may be just and equitable.

Dated: September 30, 2024

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

LAURA BREMER
Counsel for ERISA

*/s/ Hailey McAllister*
HAILEY McALLISTER
Senior Trial Attorney

*Attorneys for the Acting Secretary,
U.S. Department of Labor*