**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Chavez-DeRemer,<br><br>             Plaintiff,<br><br>v.<br><br>Han R Christy, et al.,<br><br>             Defendants. | No. CV-24-02640-PHX-DWL<br><br>**ORDER** |

Plaintiff has filed a motion for leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. 23.) Additionally, Plaintiff has filed a motion for a preliminary injunction based on the facts to be alleged in the supplemental complaint. (Doc. 25.)

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (cleaned up). "A motion for permission to serve and file a supplemental pleading is addressed to the sound discretion of the court." *Weekes v. Atl. Nat. Ins. Co.*, 370 F.2d 264, 272 (9th Cir. 1966).

Ninth Circuit law is inconsistent as to whether a new cause of action may be introduced in a Rule 15(d) supplemental pleading.[1] *Compare U. S. for Use of Atkins v. Reiten*, 313 F.2d 673, 674-75 (9th Cir. 1963) ("The Circuits have differed as to whether Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed. We think that it does; there is no reason to read into Rule 15(d) an inflexible limitation upon the broad power vested in the District Court to permit supplemental pleading. Under the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court; lack of a cause of action when suit is initiated is only one factor to be considered in the exercise of that discretion. This interpretation of Rule 15(d) is supported by the general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits.") (cleaned up), *and Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."), *with Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("[Rule 15(d)] cannot be used to introduce a separate, distinct and new cause of action.") (cleaned up).[2]

At any rate, the supplemental complaint Plaintiff wishes to file here adds new allegations that are intertwined with those previously set forth, and the concerns raised in *Neely* are not relevant here. The Court grants the motion for leave to file a supplemental complaint.

---

[1] Ninth Circuit law is also inconsistent as to the relationship between the original complaint and the supplemental complaint. *Compare Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017) ("[A] supplemental complaint completely supersedes any earlier complaint, rendering the original complaint non-existent . . . ."), *with Sweet v. Cardona*, 121 F.4th 32, 47 (9th Cir. 2024) ("[U]nder Rule 15(d), Plaintiffs' supplemental complaint merged with their then-operative complaint.").

[2] The Ninth Circuit has since narrowed this statement in *Neely*: "supplemental pleading cannot be used to introduce a 'separate, distinct and new cause of action' where the original action between the parties has reached a final resolution and the district court does not retain jurisdiction." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.11 (9th Cir. 1998).

The Court's main concern pertains to service.  Under Rule 5(a)(2), "[n]o service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  Service under Rule 4 requires service of the pleading as well as a new summons.  *See, e.g.*, *Anunciation v. W. Cap. Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996) ("The method of service provided for in Rule 4 requires that a plaintiff serve a summons together with a copy of the complaint.  Thus, when a plaintiff seeks to serve an amended complaint that alleges new claims on a defendant who has not appeared, the combination of Rules 4 and 5 require a summons to be served together with a copy of the amended complaint.").  Thus, if the supplemental complaint "asserts a new claim for relief" against Defendants, it must be served under Rule 4 on Defendants to become operative.  And because the request for a preliminary injunction is premised at least in part on the allegations in the supplemental complaint, the Court would not consider that request until the supplemental complaint becomes operative.

It is not clear whether the supplemental complaint "asserts a new claim for relief."  Thus, Plaintiff is ordered to file either (1) a notice that she intends to serve the supplemental complaint and a new summons pursuant to Rule 4 and will file proof of service and a motion for preliminary injunction hearing when service is completed, or (2) a memorandum setting forth Plaintiff's rationale as to why that is not a necessary course of action and the steps Plaintiff believes the Court should take, if any, before resolving the preliminary injunction motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a supplemental complaint (Doc. 23) is **granted**.  Plaintiff may file the supplemental complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file, within two business days of filing the supplemental complaint, either (1) a notice that she intends to serve the supplemental complaint and a new summons pursuant to Rule 4 and will file proof of service and a motion for preliminary injunction hearing when service is completed, or (2)

a memorandum setting forth Plaintiff's rationale as to why that is not a necessary course of action and the steps Plaintiff believes the Court should take, if any, before resolving the preliminary injunction motion.

Dated this 19th day of March, 2025.

Dominic W. Lanza
United States District Judge