# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Chavez-DeRemer, | No. CV-24-02640-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Han R Christy, et al., | |
| Defendants. | |

This is an action brought by the Secretary of Labor ("the Secretary") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). In a nutshell, the Secretary alleges that "Defendants Han Robert Christy, D.D.S., P.C. ('Christy P.C.') and Han R. Christy ('Dr. Christy'), Trustee of the Han Robert Christy, D.D.S., P.C. Profit Sharing Plan (the 'Retirement Plan' or 'Plan') and President, owner, and CEO of Christy P.C., attempted to loot assets from the Retirement Plan after previously failing to administer the Plan or distribute retirement funds to eligible employee participants." (Doc. 34 at 2.)

Now pending before the Court is the Secretary's motion for a preliminary injunction. (Doc. 34.) The time to respond has expired and Defendants did not file a response, even though they were "expressly warned that if they do not respond to the motion for preliminary injunction by April 14, 2025, the Court will grant the motion summarily under LRCiv 7.2(i) and cancel the [preliminary injunction] hearing." (Doc. 35 at 2.) For that reason alone, the motion may be granted. *See, e.g., Whaleco Incorporated v. Temudl.com*, 2024 WL 113551 (D. Ariz. 2024) (summarily granting preliminary

injunction motion due to lack of opposition and citing other cases following this approach); *Teri Woods Publishing, L.L.C. v. Williams*, 2013 WL 12155344, *2 (E.D. Pa. 2013) ("The failure of a defendant to respond to the motion or appear at the preliminary injunction hearing constitutes acquiescence to the terms of the proposed preliminary injunction."); *GNC Franchising, LLC v. Farid*, 2006 WL 952053, *1 (W.D. Pa. 2006) (summarily granting preliminary injunction motion due to lack of opposition).

Moreover, the Court has reviewed the Secretary's motion and supporting materials and concludes that a preliminary injunction is warranted on the merits. More specifically, the Court agrees with and adopts the Secretary's arguments as to why the Secretary has established a likelihood of success on the merits, why irreparable harm will result in the absence of preliminary injunctive relief, why the balance of equities favors issuing a preliminary injunction, and why a preliminary injunction is in the public interest. (Doc. 34-1 at 6-12.) The Court also notes that other courts have granted similar requests for preliminary injunctive relief in analogous cases. *See, e.g., Su v. Fensler*, 2023 WL 5152640, *9 (N.D. Ill. 2023) (issuing preliminary injunction removing trustee and appointing independent fiduciary); *Su v. Ascent Construction, Inc.*, 2023 WL 4315762, *6 (D. Utah 2023) (same); *Sec'y of Labor v. Kavalec*, 2021 WL 4975103, *12-13 (N.D. Ohio 2021) (same); *Solis v. Hutcheson*, 2012 WL 2151525, *7-8 (D. Idaho 2012) (same); *Chao v. James Graf*, 2002 WL 1611122,* 14-15 (D. Nev. 2002) (same).

Accordingly,

**IT IS ORDERED** that the Secretary's motion for preliminary injunction (Doc. 34) is **granted**.

**IT IS FURTHER ORDERED** that:

1. Dr. Christy and Christy P.C. and any other person serving as Retirement Plan trustee, Retirement Plan administrator, or Retirement Plan fiduciary at the time of this Order, and anyone acting on their behalf, including their officers, agents, employees, assigns, affiliates, service providers, accountants, and attorneys, are removed as fiduciaries, trustees, administrators, sponsors and from all other positions of authority or control over

1  the Retirement Plan, and are enjoined from acting as fiduciaries on behalf of the Retirement
2  Plan, and from exercising any authority or control with respect to the Retirement Plan.

3      2.    AMI Benefit Plan Administrators ("AMI"), 100 Terra Bella Drive,
4  Youngstown, Ohio 44505, is hereby appointed as independent fiduciary of the Retirement
5  Plan. AMI shall also serve as the successor trustee and plan administrator to the Retirement
6  Plan and shall have full and exclusive fiduciary authority and control over the Retirement
7  Plan's administration, management, and assets, pursuant to ERISA and the Retirement
8  Plan's governing documents.

9      3.    Dr. Christy and any other person serving as a Retirement Plan trustee or
10 fiduciary at the time of this Order, and anyone acting on their behalf, including their
11 officers, agents, employees, assigns, affiliates, service providers, accountants, and
12 attorneys, are enjoined to preserve, secure, and immediately produce to AMI, upon AMI's
13 direction, all books, records, electronic files, and data that relate to the administration,
14 management, and operation of the Retirement Plan and its assets.

15     4.    Dr. Christy and any other person serving as a Retirement Plan trustee or
16 fiduciary at the time of this Order, and anyone acting on their behalf, including their
17 officers, agents, employees, assigns, affiliates, service providers, accountants, and
18 attorneys, are enjoined from expending, transferring, hypothecating, secreting, or
19 otherwise obligating or disposing of any assets of the Retirement Plan, and from
20 destroying, altering, or secreting any of the Retirement Plan's documents, books, records,
21 electronic files, and data, or the documents, books, records, electronic files, and data of any
22 associated trust accounts, brokerage accounts, or bank accounts.

23     5.    The following accounts that hold Retirement Plan assets shall be
24 immediately subject to AMI's exclusive control:

25         Charles Schwab & Co., Inc.;
26         Company Retirement Accounts/ Schwab One;
27         account numbers XXXXX4762 and XXXXX4406.

28     6.    The accounts referenced in Paragraph Five shall be allowed to continue to

1  receive deposits, but all transfers and withdrawals of funds from these accounts shall be
2  done only at AMI's control and direction.

3    7. Dr. Christy and any other person serving as a Retirement Plan trustee or
4  fiduciary at the time of this Order, shall execute and timely tender to AMI or its
5  representative, agent, or attorneys any and all documents, files, or other items necessary to
6  transfer sole control and governance of all accounts in the name of the Retirement Plan,
7  including the accounts listed in Paragraph Five, above, to AMI.

8    8. Dr. Christy and any other person serving as a Plan trustee or fiduciary at the
9  time of this Order, shall require anyone acting on their behalf, including their officers,
10 employees, assigns, attorneys, agents, advisers, and representatives, and all persons who
11 serve in any capacity that involves decision-making authority for them, to act and discharge
12 their duties in full compliance with the terms of this Order and shall require that they not
13 take any action in the discharge of such duties that is inconsistent with the terms of this
14 Order.  Dr. Christy and any other person serving as a Retirement Plan trustee or fiduciary
15 at the time of this Order, also shall require anyone acting on their behalf, including their
16 officers, employees, assigns, attorneys, agents, advisers, representatives, and all persons
17 who serve in any capacity that involves decision-making authority for them, as a condition
18 of maintaining their relationships with them, to cooperate completely and immediately with
19 AMI in the performance of AMI duties and responsibilities as the independent fiduciary.

20    9. Dr. Christy and any other person serving as a Plan trustee or fiduciary at the
21 time of this Order, shall provide a copy of this Order to anyone acting on their behalf,
22 including all their officers, employees, assigns, attorneys, agents, advisers, representatives,
23 and all persons who serve in any capacity that involves any decision-making authority for
24 them, within five (5) days after the entry of this Order.

25    10. Dr. Christy and any other person serving as a Retirement Plan trustee or
26 fiduciary at the time of this Order are to immediately notify AMI within twenty-four (24)
27 hours of entry of this Order of all the funds from trust accounts, brokerage accounts, or
28 bank accounts that contain Retirement Plan assets (other than the accounts listed in

Paragraph Five above). Anyone acting on their behalf, including their officers, agents, employees, assigns, affiliates, service providers, accountants, and attorneys, shall provide such information about Retirement Assets to AMI within 24 hours of receiving notice of Order.

11.     AMI shall have sole and exclusive responsibility and authority to control and manage the Retirement Plan and all assets of the Retirement Plan, including (a) exercising all fiduciary responsibilities relating to the Retirement Plan, including, discretionary authority over the administration and management of the Retirement Plan; (b) marshaling, calculating the account balances, allocating, paying out, distributing, and administering the Retirement Plan's assets, and taking further action with respect to the Retirement Plan as appropriate; (c) exercising any authority given to trustees under the terms of the documents governing the Retirement Plan; (d) amending the documents governing the Retirement Plan; (e) appointing, replacing, and removing such administrators, trustees, attorneys, employees, assigns, agents, and service providers, as AMI in its sole discretion, determines is necessary to aid it in the exercise of its powers, duties, and responsibilities to the Retirement Plan; (f) terminating the Retirement Plan, if it is in the best interest of the Retirement Plan; (g) identifying and pursuing recovery of the Retirement Plan's assets as well as any monies to which the Retirement Plan has a right of recovery; (h) identifying and pursuing claims on behalf of the Retirement Plan; (i) delegating or assigning fiduciary duties as appropriate and allowed under the law and retaining assistance as needed, including from accountants and other service providers (but AMI may not delegate the authority to appoint, replace and remove such administrators, trustees, attorneys, employees, agents, assigns, and service providers or the responsibility to monitor the activities of the trustees, attorneys, employees, agents, assigns, and service providers of the Retirement Plan); and (j) paying itself an amount not to exceed five thousand seventy-five dollars ($5,075.00) in reasonable and necessary fees from the Retirement Plan for services performed and paying the reasonable and necessary fees of service providers.

12.     Dr. Christy and Christy P.C. shall be responsible for repaying the Retirement

Plan for the services performed by AMI. Dr. Christy's individual Retirement Plan account shall be offset by the amount required to pay the Retirement Plan for the reasonable and necessary fees of AMI and service providers.

13. AMI shall not be discharged or terminated during the duration of this Order except by leave of Court, upon application by either the Secretary or AMI. Upon termination, discharge, or resignation of AMI during the term of this Order, the Secretary shall recommend a successor independent fiduciary for appointment by the Court. Recommendations for a successor independent fiduciary shall be made by the Secretary within such periods as the Court, by further order, may provide and require.

14. This Order shall not be construed to limit the Secretary or AMI from seeking to hold any other person liable for the fees or expenses paid to or incurred by AMI as appropriate equitable relief under ERISA or under any other applicable law.

15. AMI shall cooperate fully with the Secretary in the exercise of the Secretary's enforcement responsibilities under ERISA, *inter alia* by promptly providing such documents, information, and persons under AMI's control as the Secretary from time-to-time may request. Nothing herein shall be construed to limit the Secretary to maintain access to documents, information, or persons or to waive or restrict the exercise of AMI and any individual of his or constitutional rights.

16. The Secretary may provide AMI any documents necessary to the administration of the Retirement Plan and to assist the recovery and identification of the Retirement Plan's assets. To the extent any privilege or confidentiality applies to any such documents, the privilege or confidentiality is not waived and is preserved when documents are provided to AMI.

17. For services performed pursuant to this Order, AMI and its assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Retirement Plan, superior to any other class of expense or obligation of the Retirement Plan, and AMI's second priority is to be the payment of legitimate claims. On a quarterly basis, AMI shall inform the Secretary of all

significant actions taken and all Retirement Plan assets expended in its administration of the Retirement Plan.

18. The terms of the documents governing the Retirement Plan are hereby amended to include the terms of this Order. This Order shall, for the term of this Order, supersede all other provisions in any documents governing the Retirement Plan that are inconsistent with the terms of this Order, including, but not limited to, the Retirement Plan's documents and trust agreements.

19. Nothing in this Order shall be construed to limit the powers and responsibilities of any officer or employee of the United States under ERISA or any other law, or to relieve the Retirement Plan, or any of its administrators, fiduciaries, officers, trustees, custodians, attorneys agents, employees, assigns, adviser, providers of goods or services, consultants, representatives in any capacity, or persons who serve in any capacity that involves decision-making authority or custody or control of the monies, funds, or assets of the Retirement Plan prior to the appointment of AMI as the independent fiduciary of any duty responsibility or liability under ERISA or any other law.

20. This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing this Order.

21. Any party subject to this Order may seek relief from or amendment to this Order.

22. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, no bond or other security shall be required of the Secretary.

Dated this 22nd day of April, 2025.

Dominic W. Lanza
United States District Judge